**In the United States District Court,**
**Northern District of Ohio,**
**Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:17-cr-00073 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Lawrence Jones, | |
| Defendant. | |

The Defendant, Lawrence Jones, convicted of crimes involving the procurement and prostituting of a seventeen year old young woman, received a deserved sentence of 420 months. (Doc. 59). He recently filed a Motion for Sentence Reduction/Compassionate Release under 18 U.S.C. § 3582(c)1(A). (Doc. 104).

In accordance with this Court's Order, the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Supplement to Defendant's Motion. (Dc. 107). The Government has filed its Response in Opposition (Doc. 108).

For the reasons that follow, I deny the Defendant's Motion.

**Background**

The Defendant's compassionless crimes began when trolling Facebook for potentially vulnerable young women, he spotted a photo of the victim. He contacted her, and his criminal conduct ensued.

The Defendant entered a plea of guilty to one count of Sex Trafficking a Minor and one count of Sexual Exploitation of a Minor. (Doc. 38, pgID 307). The Guideline Range was life imprisonment. (*Id.* at pgID 333 ¶140). I varied downward to a 420 month sentence. (Doc. 59).

At the close of sentencing, I asked the prosecutor what, if she knew, had become of the victim. The prosecutor replied that, when she last heard, the victim was in Miami, Florida with her life spinning out of control. At that time, she was just twenty-one.

Prior to filing this Motion, Defendant attempted other post-conviction attacks. He first appealed (Doc. 61), and his sentence was upheld. (Doc. 75). *See, United States v. Jones*, Case No. 19-3857 (6th Cir. June 5, 2020). He next filed a § 2255 Motion, claiming ineffective assistance of counsel (Doc. 86), which I denied. (Doc. 96). He appealed again. (Doc. 98). The Sixth Circuit, however, declined Defendant's Motion for a Certificate of Appealability. (Doc. 99). See, *Jones v. United States*, No. 22-3305 (6th Cir. Sept. 8, 2022).

In support of his current Motion, the Defendant claims he is being held in violation of his 4th Amendment rights and targeted in violation of his 8th Amendment rights. (Doc. 104, pgID 867). He further claims he has "been assaulted by FBOP officers…and NY inmates." (*Id.*). He states: "I am a genius, and our President, world etc…needs help like I have to present our people." (*Id.*).

Finally, in support, he submits he has grown and accomplished much, as evidenced by various certificates; is rehabilitated and anxious to become a productive and positive member of society. He also asserts his family needs him.

Simply I find nothing extraordinary or compelling in the Defendant's arguments, as required under § 3582(c)(1)(A). There is nothing for me to consider in support of his Motion for Compassionate Release.

Certificates of accomplishment, a good institutional record, and the desire to be home with family, though notable, are not compelling reasons for release. Nor are his self-serving claims of 4th and 8th Amendment violations. And whether the President – or the world - need him, though extraordinary in the sense of believability, do not compel me to release him.

Thus, the Defendant does not qualify under the statute for compassionate release.

Nor does he qualify on consideration of the § 3553(a) factors.

There is, as already alluded to, the utter venality of his criminal conduct: trolling social media; seeking out young victims; finding one and corrupting her for his own profit. Remorse is, after all, the best indicator of acceptance of responsibility and real and lasting rehabilitation. The Defendant demonstrates not a care for the consequences of his victim.

Or – even to this day – does he express any regret or sorrow for what he did? Except to complain, in effect, that his sentence is too harsh and undeserved, the answer is no. What I find utterly absent in his Motion is the slightest shred of awareness, much less remorse, for the heartlessness of what he did. Not a whisper of *mea culpa,* much less real contrition echoing endless in his mind for the ruined life he inflicted upon an unsuspecting, and certainly undeserving, victim.

In addition, both individual and public deterrence would be grievously ill served if I were to grant this Defendant the early release he so unjustifiably asks for. Reducing his sentence - after he has served less than a quarter of it - would undercut respect for the law and how I implemented the law at his sentencing.

Finally, consideration of the foregoing criteria leads indisputably to the conclusion that the Defendant, given his present mindset and lack of meaningful rehabilitation, would present a danger to the community, by very possibly putting other unsuspecting victims at risk.

**Conclusion**

In sum, I find nothing in the Defendant's Motion compelling. And I find overabundance in the Government's Opposition that supports denial of an unwarranted request for a sentence reduction under the auspices of § 3582(c)(1)(A) compassionate release.

It is, accordingly hereby

ORDERED THAT the Defendant's Motion to Reduce Sentence/Compassionate Release (Doc. 104) be, and the same hereby is, **denied**.

As jurists of reason could not doubt my result or its rationale, no appeal shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge